```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FAYE YELARDY,                                        :
                                                     :
                    Plaintiff,                       :
                                                     :
        v.                                           :    MEMORANDUM & ORDER
                                                     :    21-CV-1724 (WFK) (TAM)
MILLER & MILONE, P.C.,                               :
                                                     :
                    Defendant.                       :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Faye Yelardy ("Plaintiff") brings this action against Miller & Milone, P.C. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"). Before the Court is Defendant's motion to dismiss the Complaint. For the following reasons, Defendant's motion is GRANTED and this action is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

This action arises from Plaintiff's allegation she received a collection letter dated March 5, 2021 from Defendant. Complaint ¶ 22, ECF No. 1. The letter concerned billing for ambulance services provided to Plaintiff by New York City Fire Department Emergency Medical Services ("NYC Fire Department EMS") to treat injuries sustained by Plaintiff in a work-related incident. *Id.* ¶¶ 15–16. However, NYC Fire Department EMS had been advised Plaintiff was covered by workers' compensation insurance, and the New York Workers Compensation Law prohibits billing the employee in the case of work-related incidents. *Id.* ¶¶ 18–19. On March 30, 2021, Plaintiff filed a Complaint claiming Defendant violated several provisions of the FDCPA by (1) failing to include on the written notice sent to Plaintiff certain enumerated information, in violation of 15 U.S.C. § 1692g; and (2) using a false, deceptive, or misleading representation in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e. On December 3, 2021, Defendant moved to dismiss this action for failure to state a claim and for lack of standing. Def. Mot., ECF No. 15.

## DISCUSSION

The Court lacks subject matter jurisdiction over this action based on the United States Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) and the Second Circuit's decision in *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58 (2d Cir. 2021). Defendant's motion to dismiss is therefore granted.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court has "an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC*, 141 S. Ct. at 2203. A case or controversy exists only where a plaintiff has suffered "an injury in fact that is concrete, particularized, and actual or imminent." *Id.* Where a plaintiff lacks an injury-in-fact, the plaintiff lacks standing, and federal courts lack jurisdiction to entertain their claims. *Id.*

Even where Congress has created a statutory cause of action, a violation of that statute is not necessarily sufficient to establish an injury-in-fact for purposes of establishing Article III standing. While "Congress may create causes of action for plaintiffs to sue defendants," "under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 2205 (emphasis in original).

Plaintiff alleges Defendant's actions will cause Plaintiff economic harm, harm to Plaintiff's credit rating, and may cause Plaintiff to be sued for a debt Plaintiff does not owe. Compl. ¶¶ 37–39. However, Plaintiff provides no support demonstrating that such injuries are actual or imminent based on Defendant's alleged conduct in sending the letter. Beyond the bare

2

allegations of FDCPA violations, Plaintiff does not sufficiently allege she has suffered any particularized and concrete harm. The Complaint states Defendant's conduct caused her to waste time, be confused and unsure as to her rights, and to seek advice from an attorney. *Id.* ¶ 40. However, "[m]ultiple courts have found alleged confusion to be insufficient for standing in the FDCPA context." *Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134, 144 (E.D.N.Y. 2021) (Ross, J.) (collecting cases). Furthermore, the expense of time and money due to mere concern and confusion "are not sufficiently concrete unless they are 'inextricably bound up in a cognizable injury,' such as where a plaintiff faces a sufficient risk of harm[,] and then spends time, money, and effort mitigating that risk." *Wolkenfeld v. Portfolio Recovery Assocs., LLC*, No. 22CV1156PKCCLP, 2022 WL 1124828, at *2 (E.D.N.Y. Apr. 14, 2022) (Chen, J.) (quoting *Pollak v. Portfolio Recovery Assocs., LLC*, No. 21-CV-6738 (PKC) (RML), 2022 WL 580946, at *1 (E.D.N.Y. Feb. 24, 2022) (Chen, J.)); *see also Steinmetz v. Allied Interstate, LLC*, No. 21CV5059AMDRER, 2022 WL 2716338, at *3 (E.D.N.Y. July 13, 2022) (Donnelly, J.) ("To the extent that [Plaintiff] paid a lawyer to advise him about [debt collection] letters, 'reimbursement of the costs of litigation cannot alone support standing.'" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998))).

Thus, here, as in *Maddox*, Plaintiff has failed to allege any particularized or concrete injury resulting from her claims that Defendant violated the FDCPA. Nor has Plaintiff asserted a sufficient likelihood of future harm to establish such injury. Because Plaintiff has not asserted an injury in fact sufficient to establish Article III standing, the Court dismisses this action for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion at ECF No. 15 and DISMISSES this action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2022
      Brooklyn, New York